## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JACQUELINE-A JAMERSON-HOLLINSHED, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:24-cv-658-HEA |
| DEUTSCHE BANK NATIONAL TRUST, et al., ) ) ) ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Jacqueline-A Jamerson-Hollinshed's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the Application, the Court finds that Plaintiff is unable to pay the filing fee in this action. The Court will therefore grant the Application and waive the filing fee. Additionally, for the reasons discussed below, the Court will require Plaintiff to show cause why the Court should not dismiss this action for lack of subject matter jurisdiction.

**Order to Show Cause**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every

federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). Thus, the issue of subject matter jurisdiction may be raised at any time, by any party, or by the Court itself. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity-of-citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has instructed that district courts shall have jurisdiction in both federal question and diversity cases).

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded-complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction."). A plaintiff's complaint must establish "either that federal law creates the cause of

2

action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*; *see also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Plaintiff submitted her Complaint on a form titled "Complaint for a Civil Case." Under the "Basis of Jurisdiction" section of the form, Plaintiff attempts to invoke federal question jurisdiction by listing the Fourth, Fifth, Sixth, and Eleventh Amendments to the United States Constitution. But these constitutional amendments do not confer subject matter jurisdiction over this case, nor do they necessitate the exercise of such jurisdiction.

The Fourth and Fifth Amendments protect persons from governmental action, not the conduct of private businesses. *See, e.g., United States v. Stephen*, 984 F.3d 625, 629 (8th Cir. 2021) (Fourth Amendment does not apply to private-citizen searches unless the private citizen is acting as a government agent); *Florey v. Air Line Pilots Ass'n, Int'l*, 575 F.2d 673, 676 (8th Cir. 1978) ("It is well settled that the prohibitions of the Fifth and Fourteenth Amendments do not apply to

3

private actions."). The Sixth Amendment pertains to the rights of criminal defendants. *See Williams v. State of Mo.*, 640 F.2d 140, 144 (8th Cir. 1981) (Sixth Amendment applies only to criminal proceedings). This is not a criminal proceeding. Finally, the Eleventh Amendment limits the ability of non-citizens to sue states in federal court. U.S. Const. amend. XI. Plaintiff is not suing a state.

As to diversity jurisdiction, Plaintiff states that she is a citizen of Missouri and that Defendants Todd and Schmitt are residents of Missouri. (ECF No. 1 at 5, 6). She conspicuously fails to allege citizenship for either defendant. *Id.* at 11, 12. Therefore, she has not established complete diversity in this matter. *See OnePoint Sols., LLC*, 486 F.3d at 346.

If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, the Court will order Plaintiff to show cause within thirty (30) days why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause in writing and within **thirty (30) days** of the date of this Order why the Court should not dismiss this action for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite (ECF No. 11) is **DENIED**.

4

**IT IS FURTHER ORDERED** that failure to comply with this Order will result in the dismissal of this case without prejudice and without further notice.

Dated this 6th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE